UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANNON WOODY | CIVIL ACTION |
| VERSUS | NO: 07-6340 c/w 07-9246, 08-4711 & 09-3313 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL. | SECTION: "A" (1) |

**ORDER AND REASONS**

Before the Court is a **Motion to Strike and/or Dismiss Claims of Joseph Woody for Lack of Subject Matter Jurisdiction (Rec. Doc. 142)** filed by the United States. The "Woody Plaintiffs" oppose the motion. The motion, set for hearing on August 5, 2009, is before the Court on the briefs without oral argument.

This lawsuit arises out of an automobile accident that occurred in Plaquemines Parish on November 6, 2006. Plaintiff Shannon Woody was a passenger in the vehicle operated by defendant Winter Dean. Dean's car collided with a vehicle operated by defendant Stella Morales. The United States has filed a certification that Petty Officer Stella Morales was acting in the course and scope of her employment with the United States Department of the Navy at the time of the accident. (Rec. Doc. 12 Exh. 1). On January 11, 2008, the United States was substituted as a party in place of Morales pursuant to 28 U.S.C. § 2679(d)(1). (Rec. Doc. 24).

1

Woody exhausted her administrative remedies under the FTCA and is now pursuing her claims before this Court. Although her complaint does not include her spouse, Joseph Woody, as a named plaintiff, Woody does allude to a consortium claim on behalf of Joseph. (CA09-3313, Rec. Doc. 1 at ¶ 14). It is undisputed that Joseph Woody did not file his own administrative claim and that any attempt to do so as of this date would be considered untimely.

The United States now moves for dismissal pursuant to Rule 12(b)(1) and 28 U.S.C. § 2675 for failure to exhaust administrative remedies as required before bringing a claim pursuant to the FTCA.

The FTCA declares that "an action shall *not* be instituted" unless plaintiff has filed an administrative claim and either obtained a written denial or waited six months. Price v. United States, 69 F.3d 46, 54 (5th Cir. 1995) (emphasis added) (quoting 28 U.S.C. § 2675(a)). In McNeil v. Unites States, 508 U.S. 106, 112, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993), the Supreme Court held that failure to completely exhaust administrative remedies prior to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. Subsequent to McNeil the Fifth Circuit has reaffirmed that exhaustion of administrative remedies is jurisdictional where the United States is a defendant, and the requirement

cannot be waived.  Price v. United States, 69 F.3d 46, 54 (5th Cir. 1995) (citing Gregory v. Mitchell, 634 F.2d 199, 203-04 (5th Cir. 1981)).  A court has no authority to equitably expand its jurisdiction beyond the limits established by Congress.  Ramming v. United States, 281 F.3d 158, 165 (5th Cir. 2001) (citing Houston, 823 F.2d at 898, 902).

Two district judges of this Court have previously addressed the situation where a spouse attempts to append an unexhausted consortium claim to a spouse's exhausted injury claim.  Fuller v. U.S., No. 00-2791, 2001 WL 6725 (E.D. La. Jan. 2, 2001 (Vance, C.J.); Kirklin v. U.S., No. 00-3043, 2001 WL 1334991 (E.D. La. Oct. 29, 2001) (Fallon, J).  Judges Vance and Fallon both concluded that the derivative nature of a consortium claim does not excuse a spouse from exhausting his own claim.  In both cases, the spouses' unexhausted consortium claims were dismissed without prejudice without regard to whether the claimant could timely file an administrative claim under federal law.  Fuller, 2001 WL 6725, at *2; Kirklin, 2001 WL 1334991, at *02.  Although the result is a harsh one, it is in keeping with the well-established principle that waivers of immunity on behalf of the United States are given a very narrow construction.  Fuller, 2001 WL 6725, at *2.

In the absence of controlling authority from the Fifth

Circuit,[1] this Court finds the reasoning employed by Judges Vance and Fallon to be consistent with the requirements of the FTCA. Joseph Woody did not administratively exhaust his consortium claim. Thus, there has been no waiver of immunity for his claim and this Court is therefore without subject matter jurisdiction to adjudicate that claim.

Joseph Woody argues that exhaustion would have been a vain and useless action given that his wife's claim was denied. He cites Nelson v. United States, 541 F. Supp. 816 (M.D.N.C. 1982), for the proposition that he need not have filed his own administrative claim if doing so would have been futile.

In Nelson, the claimant died from her injuries prior to concluding the litigation and the district court allowed the executor to amend the complaint to add a wrongful death claim without having to exhaust a separate claim. In doing so, the court distinguished a "claim" from a "legal cause of action." Id. at 817. However, in the instant case Joseph Woody is a wholly new claimant attempting to add a wholly new claim to this litigation. As such, he is required to exhaust that claim before proceeding. Further, recognizing a futility exception to the FTCA would be inconsistent with the strict construction given the

---

[1] The United States points out that in Walker v. U.S., 471 F. Supp. 38 (M.D. FL. 1978), the Fifth Circuit affirmed in a table decision the district court's holding that *each* spouse must file an administrative claim. 597 F.2d 770 (5th Cir. 1979) (unpublished).

waiver of immunity by the United States.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Strike and/or Dismiss Claims of Joseph Woody for Lack of Subject Matter Jurisdiction (Rec. Doc. 142)** filed by the United States is **GRANTED**. Joseph Woody's claims are **DISMISSED** without prejudice.

August 5, 2009

```
                              JAY C. ZAINEY
                        UNITED STATES DISTRICT JUDGE
```