UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNON WOODY                                CIVIL ACTION

VERSUS                                       NO: 07-6340 c/w
                                             07-9246, 08-4711 &
                                             09-3313

STATE FARM MUTUAL AUTOMOBILE                 SECTION: "A" (1)
INSURANCE CO., ET AL.


**ORDER AND REASONS**

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 147)** filed by Winter Dean and State Farm. Plaintiff Shannon Woody and defendant the United States have filed responses to the motion. The motion, set for hearing on August 19, 2009, is before the Court on the briefs without oral argument.

This lawsuit arises out of an automobile accident that occurred in Plaquemines Parish on November 6, 2006. Plaintiff Shannon Woody was a passenger in the vehicle operated by defendant Winter Dean. Dean's car collided with a vehicle operated by defendant Stella Morales. The United States has filed a certification that Petty Officer Stella Morales was acting in the course and scope of her employment with the United States Department of the Navy at the time of the accident. (Rec. Doc. 12 Exh. 1). On January 11, 2008, the United States was substituted as a party in place of Morales pursuant to 28 U.S.C. § 2679(d)(1). (Rec. Doc. 24). Woody has claims pending against

1

Dean, and her insurer State Farm, the United States, and several rental car defendants.

Dean and State Farm (hereinafter collectively "Dean") now move for summary judgment dismissing Woody's claims against them. Dean contends that with factual discovery relative to fault now complete, there has been no evidence adduced to support a finding of liability against Dean.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." <u>TIG Ins. Co. v. Sedgwick James</u>, 276 F.3d 754, 759 (5th Cir. 2002) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Id.</u> (citing <u>Anderson</u>, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. <u>Id.</u> (citing <u>Anderson</u>, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. <u>Id.</u> (citing Fed. R. Civ. P. 56(e); <u>Matsushita Elec. Indus. Co. v. Zenith</u>

2

Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The duty of a motorist when approaching a stop sign under Louisiana law is mandated in La. R.S. § 32:123 which provides in pertinent part:

> A. Preferential right of way at an intersection may be indicated by stop signs or yield signs.
>
> B. Except when directed to proceed by a police officer or traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.

La. Rev. Stat. Ann. § 32:123(A),(B) (West Supp. 2009). Thus, when a motorist is confronted with a stop sign at an intersection, it is her duty to come to a complete stop, to observe traffic, and to make certain that the way is clear before proceeding. Bah v. Continental Cas. Ins. Co., 925 So. 2d 630, 632 (La. App. 4th Cir. 2006) (citing Coleman v. Rabon, 561 So. 2d 897 (La. App. 2d Cir. 1990); Valerie v. State, DOTD, 480 So. 2d

818 (La. App. 3d Cir. 1985)).

Turning now to the instant case, it is undisputed that Winter Dean was traveling on Chambers Avenue on the Belle Chasse Naval Base. At the same time Stella Morales was traveling on Rinard Road near its intersection with Chambers Ave. Chambers Avenue traffic does not have any traffic control devices. On the other hand, Rinard Road traffic is controlled by a stop sign at the intersection with Chambers Ave. It is undisputed that the collision occurred when Stella Morales pulled from the stop sign onto Rinard Road into the path of Dean's vehicle, which was on Chambers Ave. Morales was cited as being at fault for the accident and given a citation for failure to yield to right of way traffic. Winter Dean had the right of way.[1]

Based on the foregoing, Dean has met her initial burden on summary judgment. The burden therefore shifts to the opposing parties to come forward with "specific facts" showing a genuine factual issue for trial. Woody concedes that she has no proof of fault on the part of Dean. Woody states that she sued Dean based on statements that she heard at the time of the accident,

---

[1] All of the foregoing undisputed facts are taken from Dean's Statement of Undisputed Facts. (Rec. Doc. 147-3). Woody has expressly admitted all of the foregoing facts. (Rec. Doc. 149, Pla. oppo.). The United States has submitted its own Statement of Contested Issues of Material Fact (Rec. Doc. 150-4), none of which controvert the foregoing facts, which are therefore deemed admitted.

allegedly made by Morales, that Dean might have been speeding. (Rec. Doc. 149, Pla. oppo. at 2).

The United States urges the Court to deny summary judgment because evidence has been offered in this litigation to suggest that Dean's rate of speed might have contributed to the accident. Specifically, the United States refers to Woody's deposition testimony wherein she suggested that Dean was speeding at the time of the accident.

To the contrary, Woody testified that she did not know if Dean was speeding because she had not been paying attention. However, she did believe that Dean had dropped down to somewhere around 20 mph just prior to the accident--the speed limit was 30 mph. (Rec. Doc. 150, Gov. Exh. A). The sole "evidence" upon which the United States relies is that Woody recalled overhearing some unidentified person at the accident scene say that Dean was speeding. (Id.). This statement is blatant hearsay and is not evidence of fault on Dean's part. It can hardly provide a basis to deny an otherwise properly supported and meritorious motion for summary judgment.

Finally, the United States' contention that the motion for summary judgment is untimely is not correct. Dean and State Farm sought leave of court to file the out of time motion and the Court granted that request over the other parties' objections. (Rec. Doc. 146).

In sum, Dean and State Farm have demonstrated that they are entitled to summary judgment in their favor.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 147)** filed by Winter Dean and State Farm is **GRANTED**. Plaintiff's claims against defendants Winter Dean and State Farm are **DISMISSED** with prejudice.

August 21, 2009

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE